UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE  NO.11-60317-CIV-MARTINEZ
MAGISTRATE JUDGE P.A. WHITE

ANTHONY STEWART,                    :

        Plaintiff,          :          <u>REPORT OF</u>
                                               <u>MAGISTRATE JUDGE</u>
v.                                 :

SUNRISE POLICE DEPT., ET AL., :

        Defendants.          :
_____

I.  <u>Introduction</u>

The plaintiff Anthony Stewart, currently incarcerated at the North Broward Detention Center, has filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983, seeking injunctive relief. [DE# 1].  The plaintiff has been granted leave to proceed <u>in forma pauperis</u>.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915.

II.  <u>Analysis</u>

As  amended,  28  U.S.C.  §1915  reads  in  pertinent  part  as follows:

Sec. 1915 Proceedings in Forma Pauperis

*    *    *

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

\* \* \*

(B) the action or appeal –

\* \* \*

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert.

denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Twombly applies to §1983 prisoner actions.  See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may

3

exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

A.   <u>Statement of Claims</u>

        The plaintiff names the following defendants: The Sunrise Police Department, along with Sunrise Officers Hughes, Allred, Berryman, Broksch, Bruna, Miller, Calvano, Carrasquillo, Dorn, Goldstein, Leblanc, Marill, Robinson, Thomas and Wallace.

        The plaintiff alleges that the above named officers arrested him during a reverse sting operation on July 15, 2008, using the aid of a confidential informant. He claims that only Hispanic and African Americans such as himself and his co-defendants were selected for prosecution. He contends that he has obtained the names of multiple other Black and Hispanic inmates arrested by the same officers.

        He claims this selective prosecution resulted in a denial of his equal protection rights enjoyed by similarly situated white Caucasian citizens. He seeks injunctive relief to obtain his rights.

B.   <u>Analysis</u>

        At the outset, the claim against the Sunrise Police Department must be dismissed because police departments cannot be sued in a federal civil rights action. In Section 1983 actions, police departments are merely an administrative arm of the local

_____

        [1] The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

4

municipality, and not a separate judicial entity.  <u>Eddy v. City of</u>
<u>Miami</u>, 715 F.Supp. 1553 (S.D.Fla.1989); <u>DeBellis v. Kulp</u> , 166
F.Supp.2d 255, 264 (E.D.Pa.2001).   The Sunrise Police Department
is merely an arm of the municipality of Sunrise.

     While a municipality and its agencies may be subject to
liability under §1983, such liability cannot result merely from an
improper or even unconstitutional act of its employees under a
theory of <u>respondeat superior</u>.  If a plaintiff sues a county or
county agency, there must be proof that the alleged injuries
resulted from an official custom, policy, or practice.  <u>Monell v.</u>
<u>Department of Social Services</u>, 436 U.S. 658, 694 (1978); <u>Mandel v.</u>
<u>Doe</u>, 888 F.2d 782 (11 Cir. 1989).  The plaintiff bears the burden
of establishing a causal link between a government policy or custom
and the injury which is alleged.  <u>Byrd v. Clark</u>, 783 F.3d 1002,
1008 (11 Cir. 1986)(citing <u>Monell</u>, <u>supra</u>).   The plaintiff has
raised no claim under <u>Monell</u> against the City of Sunrise.

     <u>Denial of Equal Protection</u>

     The plaintiff alleges that he, along with other Blacks and
Hispanics has been selectively prosecuted, and thereby denied equal
protection afforded to similarly situated white citizens.  To
establish a §1983 claim for denial of equal protection the
plaintiff must demonstrate that the prosecution was based upon
racial motives and that other similarly situated Caucasians,
performing the same illegal acts were not arrested or charged.[2]

---

     [2] The Court notes that to the extent the plaintiff seeks to
challenge the constitutionality of his current detention, such
claims are not cognizable in a civil rights case; a habeas corpus
action (following the exhaustion of state remedies) is the proper
vehicle for raising claims that may affect the fact or duration of
a criminal defendant's confinement, including pre-trial

McMillian v Johnson, 878 F. Supp 473 (MD Alabama 1995). The fact that the plaintiff has met other defendants who are also black or Hispanic charged by the same officers falls far short of demonstrating that he was selected for prosecution for his race.

Review of the Broward docket indicates that the plaintiff has been charged with trafficking in cocaine and conspiracy to traffic in cocaine in pending state case 08-13463. The plaintiff has been assigned a public defender. He must raise any issues related to his arrest and subsequent charges with his attorney.

The plaintiff is not alleging his innocence, instead he is implying that white citizens performing the same illegal operations have not been charged or prosecuted. This is a totally conclusory claim. Twombly supra. He has failed to state a claim of denial of equal protection.

III.   Recommendation

Based on the foregoing, it is recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure

-----

confinement.   Preiser v. Rodriquez, 411 U.S. 475, 488-490 (1973).

Moreover, if a prisoner brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Heck applies to suits filed by pretrial detainees. Alvarez-Machain v. United States, 107 F.3d 696, 700-01 (9 Cir. 1996); Hamilton v. Lyons, 74 F.3d 99, 102-03 (5 Cir. 1996). Heck also applies to claims which seek injunctive relief.

Because the plaintiff's detention has not been remedied by any of the procedures listed in Heck, his claims are premature and thus not cognizable under §1983 at this time.

to state a claim upon which relief may be granted, and the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 4th day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Anthony Stewart, <u>Pro Se</u>
     North Broward Detention Center
     Address of record